UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GOODEN,<br><br>                Plaintiff,<br><br>   v.<br><br>PATRICK EATON, *et al.*,<br><br>            Defendants. | Case No. 1:25-cv-00316-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS<br><br>ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE |

Plaintiff Charles Gooden is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. (ECF No. 1, 10). On June 3, 2024, Plaintiff filed a complaint generally alleging that he was not protected of the risk of harm by other inmates when prison officials transferred him to SCC Jamestown.

On April 23, 2025, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 10). The Court gave Plaintiff thirty days to either file a first amended complaint or notify the Court in writing that he wanted to stand on his complaint. (*Id.* at 9, 10). Plaintiff has not filed an amended complaint or notice in the months since the Court's screening order.

1

For the reasons set forth below, the Court recommends that this action be dismissed for failure to state a claim. Plaintiff has thirty days from the date of service of these findings and recommendations to file his objections.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 10), the Court may screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

2

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff sues three SCC Jamestown officials: Former Warden Patrick Eaton, Former Acting Warden Steve Smith, and Correctional Officer C. Keo.[1]

Plaintiff's first claim alleges that his Eighth Amendment rights were violated. He states that "[o]n 10-28-22, Plaintiff was placed in the SCC-Facility C inmate population both because of Defendants' failure to properly advise him of his Mental Health risk and CDCR employees' failure to review and act on Plaintiff's housing classification status, including relevant compatibility factors."  In the space provided to describe his injury, Plaintiff states that "[d]ue in part to contravention of Plaintiff's 8th Amendment rights, he is still unable to function without acute psychiatric support."

Plaintiff's second claim is for "deliberate indifference to substantial risk of harm under Eighth Amendment." Plaintiff alleges as follows:

> On or around 10/28/22, Defendants initially informed Plaintiff that Level III SCC poised him serious harm he placed there. Prison officials have a duty to protect any prisoner from violence from other prisoners. Despite this, Defendants re-housed Plaintiff at SCC without written or any explanation while admitting the danger of harm is sufficiently serious in his matter. Later upon his arrival at SCC, Inmate GURULE (BK-016) accosted and attacked Plaintiff on Wednesday, April 26, 202 at approx- 0850 hours, in the Facility C Building. Immediately thereafter, Plaintiff was placed in the Mental Health Crisis Bed ("MHCB") for decompensating and serious mental health problems owing to said incident. As of 1/16/2024, Plaintiff remains placed in the Enhanced Outpatient Program ("EOP"), which is for inmates with acute onset or significant decompensation of a serious mental disorder, as a direct result of GURULE's assault during the inappropriate housing assignment herein described. GURULE and Plaintiff at said time were incompatible inmates with whom to house, as is shown by a review of the case factors in each inmates' C-files.

As to injury, Plaintiff alleges that he suffered a "[v]iolation of 8th Amendment protections as facts suggest an objectively serious risk of harm or of subjective deliberate indifference by Defendants."

Plaintiff's third claim is for "Eighth Amendment's prohibition of deliberate indifference to inmate safety." Plaintiff states that:

---

[1] Plaintiff also lists "et al." as the fourth defendants. (ECF No. 1 at 1, 2).

All allegations in Claims I & II are herein incorporated. Defendants ignored Plaintiff's safety concerns and forced him to transfer to Level III SCC. Defendants threatened Plaintiff with disciplinary action and transfer to a higher level GP facility if Plaintiff did not house in SCC around 10/28/22. Plaintiff was informed by Defendants that there was no point in refusing to go to Level III SCC because Plaintiff would not be transferred to a different, compatible yard. Defendants also threatened Plaintiff with a write-up if he refused to house at Fac. C in SCC. A write-up would've resulted in Plaintiff's being ineligible for release upon completing his base term thereby extending his prison sta. Plaintiff transferred to SCC Fac. C under duress and continued to fear for his safety. Numerous clinical, psychological and psychiatric providers state due to GURULE'S actions against Plaintiff, he has sustained longstanding neuropsychological damage.

Plaintiff further alleges that he suffered the following injury: "[v]iolated Plaintiff's 8th Amendment's prohibition of deliberate indifference to inmate safety when ordered to house in SCC."

As for relief, "Plaintiff seeks return of his lost credits owing to RVR Log No. 7297949; declaratory relief as well as both punitive & compensatory damages in an amount to be determined at Court."

Plaintiff attaches a copy of his "Classification Committee Chrono" dated October 17, 2022. Plaintiff also attaches two handwritten pieces of paper titled "Main Argument."

## III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

The Civil Rights Act under which this action was filed provides as follows:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  *Iqbal*, 556 U.S. at 676-77.  In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### A. Failure to Protect

Plaintiff claims that Defendants failed to protect him from being assaulted and accosted by another inmate.

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155,1160 (9th Cir. 2013) (quoting *Farmer*, 511 U.S.

5

at 847).  However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834.  A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, and that the prison official was deliberately indifferent to the risk of harm. *Id.* at 834, 837.  Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health."  *Id.* at 834 (internal quotation omitted).  To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's complaint fails to state a claim for failure to protect under these legal standards because Plaintiff does not allege any fact indicating that any Defendant was aware that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.  Although Plaintiff's complaint states that Defendants admitted that transferring him to SCC would expose him to danger of harm, he fails to allege any facts supporting this statement.  Plaintiff does not allege anything he told any Defendant regarding why placement at SCC would be a security risk, or any information that any Defendant learned that would indicate a risk of serious harm.  Plaintiff also does not allege any facts indicating that any Defendant believed inmate Gurule would pose a safety and security risk.

Plaintiff attached a classification memorandum, but based on the Court's review, the Court did not find any specific facts regarding a safety risk at SCC.  On the contrary, it states that Plaintiff requested SCC as an alternate accommodation to his first choice of locations.  (ECF No. 1 at 9 ("Subject stated if those two institutions are not available he would like to remain at SCC to be closer to his children and family.")).  The Court did not find any statement in the Classification document that indicated that transfer to SCC would pose a substantial risk of serious harm.

Additionally, Plaintiff fails to allege that any Defendant had any personal involvement or knowledge of the alleged attack.  In fact, other than being named in the caption of the complaint, the three defendants are not otherwise mentioned in Plaintiff's claim.  Plaintiff thus fails to allege facts that any specific defendant was aware of serious risk of harm.

Thus, Plaintiff fails to state a failure to protect claim under the Eighth Amendment against any defendant.

### B.    Deliberate Indifference to Serious Medical Needs

Plaintiff next claims that Defendants were deliberately indifferent by failing to advise him of his mental health risk.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  Deliberate indifference to a prisoner's medical issue is established only where the Defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted).  Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted).

Plaintiff's complaint fails to state a claim for deliberate indifference to serious medical needs under these legal standards.  Plaintiff alleges that he has mental health issues.  But he does not allege that any Defendant failed to respond to his mental health needs.  He also alleges that he is receiving care for those issues, including being in the "Enhanced Outpatient Program" right now.  Thus, he does not allege that any Defendant was deliberately indifferent to his serious medical needs by failing to provide him with needed mental health treatment.

Therefore, Plaintiff fails to plead an Eighth Amendment claim for deliberate indifference to serious medical needs.

\\\
\\\

1

### C.    Procedural Due Process

2          Plaintiff's complaint also appears to request that an RVR be reversed.  The Court

3    construes this as a claim for lack of procedural due process under the Fourteenth Amendment.

4          The Due Process Clause protects prisoners from being deprived of liberty without due

5    process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  To state a cause of action for

6    deprivation of procedural due process, a plaintiff must first establish the existence of a liberty

7    interest for which the protection is sought.  Liberty interests may arise from the Due Process

8    Clause itself or from state law.  *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983).  With respect to

9    liberty interests arising from state law, the existence of a liberty interest created by prison

10   regulations is determined by focusing on the nature of the deprivation.  *Sandin v. Conner*, 515

11   U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom

12   from restraint which "imposes atypical and significant hardship on the inmate in relation to the

13   ordinary incidents of prison life." *Id.* at 484.

14          Additionally, "[p]rison disciplinary proceedings are not part of a criminal prosecution,

15   and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff*, 418

16   U.S. at 556.  The minimum procedural protections prison officials must provide an inmate

17   facing disciplinary charges are: (1) a written notice of the charges at least 24 hours before the

18   disciplinary hearing; (2) a written statement by the factfinders detailing the evidence relied

19   upon and the reasons for the disciplinary action; (3) the right for the inmate to call witnesses

20   and present documentary evidence, unless doing so would be unduly hazardous to institutional

21   safety or correctional goals; and (4) assistance where the issues presented are complex or the

22   inmate is illiterate.  *See id.* at 564-70.  "Some evidence" must also support the hearing officer's

23   decision, and the evidence must have some indicia of reliability.  *Superintendent v. Hill*, 472

24   U.S. 445, 455 (1985); *accord Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987).  The "some

25   evidence" standard is minimally stringent, and the relevant inquiry is whether "there is any

26   evidence in the record that could support the conclusion reached." *Hill*, 472 U.S. at 455-56.

27          Plaintiff's complaint fails to state a cognizable claim under these legal standards.

28   Plaintiff does not provide any facts supporting such a claim.  Plaintiff does not allege that he

lacked any of the procedural requirements discussed above.  Additionally, although Plaintiff refers to a RVR that resulted in loss of good time credits in his request for relief, he does not actually discuss that RVR in any of his claims.  Plaintiff also does not state what any individual defendant did related to his RVR.

Plaintiff's complaint thus fails to state a constitutional claim for violation of due process against any Defendant.

## II.  CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's complaint fails to state any cognizable claims.  The Court previously provided Plaintiff with applicable legal standards, explained why Plaintiff's complaint failed to state a claim, and gave Plaintiff leave to file an amended complaint, but he has not done so.

Based on the foregoing, it is **RECOMMENDED** that:

1.  This action be dismissed for failure to state a claim; and

2.  The Clerk of Court be directed to close the case.

Additionally, the Clerk of Court is **DIRECTED** to assign a District Judge to this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __July 9, 2025__          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE